IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY JONES,

   Plaintiff,

   v.

P. KIM, *Assistant State's Attorney*, et al.,

   Defendants.

Civil Action No.: MJM-23-3506

**MEMORANDUM**

Self-represented Plaintiff Gary Jones has requested to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Because Jones appears indigent, his request to proceed without prepayment of the filing fee is granted. However, for the reasons stated below, the Complaint must be dismissed.

Jones brings this suit pursuant to 42 U.S.C. § 1983 claiming that Defendants P. Kim, Gregory Fischer, Judit Otvos,[1] Lisa Fishelman, and Lydia Lawless violated his Fifth, Sixth, and Fourteenth Amendment rights. ECF No. 1 at 6. He alleges that on June 28, 2021, P. Kim, a Maryland Assistant State's Attorney conspired with his public defender, Gregory Fischer, to keep him unlawfully incarcerated. *Id.* at 8. He states that Kim deprived him of his right to a fair bail review by providing "false and deceptive documents to the court" and alleging that he had previously committed crimes of violence. *Id.* According to Jones, Kim knew he was being falsely charged with one count each of attempted first and second-degree murder, two counts of first and second-degree assault, and possession of a deadly weapon with intent to injure. *Id.* He contends

---

[1] Judit Otvos was inadvertently not listed as a defendant on the docket. The Clerk will be directed to amend the docket to reflect Otvos as a defendant.

that Kim "knew the false document, and lack of cooperating victims" would have caused him to be released on his own recognizance or unsecured bail. *Id.* at 8-9. Jones asserts that Kim conspired with Fischer so that he would not contest Kim's "deceptive depiction" of Jones's criminal history. *Id.* at 9.

Jones further contends that Judit Otvos, a court-appointed defense attorney, also conspired with Kim and Fischer to deprive him of his right to a preliminary hearing on July 28, 2021. ECF No. 1 at 9. She allegedly also cancelled his arraignment hearing scheduled on August 24, 2021, and agreed to "indict[] [his] case" on July 22, 2021. *Id.* Jones alleges that Otvos's failure to provide adequate legal representation led to his false incarceration from July 28, 2021, until December 8, 2021. *Id.* at 10. Jones believes that Kim, Fischer, and Otvos conspired because the Baltimore County Police Department labeled him as a suspected pedophile and they wanted to keep him incarcerated on the expectation that he would be assaulted while awaiting trial. *Id.* at 11.

Jones filed a complaint with the Attorney Grievance Commission on July 20, 2022, complaining about Otvos's representation. ECF No. 1 at 10. Jones alleges that Assistant Bar Counsel Lisa Fishelman conspired with Otvos and disregarded the evidence he provided to substantiate his claim. *Id.* Jones requested Bar Counsel Lydia Lawless to take action against Otvos, but he states that she conspired with Fishelman to uphold Fishelman's dismissal of Jones's complaint. *Id.* Jones seeks damages as well as other equitable relief. *Id.* at 12-13.

As noted, Jones filed this Complaint *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B).  This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true.  *Id.* at 94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations… It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally."  *White v. White,* 886 F.2d 721, 722-723 (4th Cir. 1989).

Essential to sustaining an action under § 1983 are the presence of two elements.  Specifically, a plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Furthermore, to establish a civil conspiracy under § 1983, a plaintiff must present evidence that defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right.  *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996).  An essential element for a claim of conspiracy to deprive plaintiff of a constitutional right, is an agreement to do so among the alleged co-conspirators.  *See Ballinger v. N.C. Agric. Extension Serv.*, 815 F.2d 1001, 1006-07 (4th Cir. 1987).  Without an agreement, the independent acts of two or more wrongdoers do not

amount to a conspiracy. *See Murdaugh Volkswagen v. First Nat'l Bank*, 639 F.2d 1073, 1075-76 (4th Cir. 1981).

As a preliminary matter, despite Jones' insistence that they should be held responsible regardless, Defendants Fischer and Otvos are not state actors. Privately retained attorneys do not act under color of state law even if they are appointed by the court. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). In addition, public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cty v. Dodson*, 454 U.S. 312, 453-54 (1981). As Jones' allegations concern their functions as counsel, neither was acting under color of state law and therefore the Complaint must be dismissed against them.

This action can also not proceed against Defendant Kim because they are entitled to immunity. Maryland's State's Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).

Absolute immunity is designed to protect *judicial process*; thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 423-23). The court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 117-18 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130,

prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431."

Jones' allegations against Kim concern their decision to bring charges against him as well as the evidence produced and arguments made in opposition to him being granted bail. As Kim's alleged actions concerned the judicial process of his criminal case and thus prosecutorial in nature, they enjoy absolute immunity. *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996). Accordingly, the Complaint against Kim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Remaining are Defendants Fishelman and Lawless of the Maryland Attorney Grievance Commission. His claims, however, do not rise above the speculative level as Jones provides only conclusory allegations of conspiracy. Jones concludes that Fishelman deprived him from adequate legal representation because she closed his grievance complaint against Otvos despite the letter Otvos sent in response to the inquiry. ECF No. 1 at 10; ECF 1-7. However, Jones fails to allege any facts to support a finding of conspiracy, much less a constitutional violation, by not finding in his favor. Similarly, Jones concludes that Lawless committed the same violations by not overturning Fishelman's decision. Again, these conclusory allegations do not amount to a constitutional violation nor do they sufficiently allege the presence of a conspiracy. As such, the Complaint must be dismissed against them for failure to state a claim.

For the foregoing reasons, by a separate order which follows, Jones' Complaint will be dismissed.

___3/8/24___                       _____/S/_____  
Date                                     Matthew J. Maddox  
                                             United States District Judge